AO 106 (Rev. 04/10)  Application for a Search Warrant

SEALED

FILED

JAN 09 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of California

In the Matter of the Search of )
)
A black Apple iPhone 8 with a black "Otterbox case", )
assigned telephone number 559-579-5739; )
A black Apple iPhone X  with a black case labeled )
"Otterbox", assigned telephone number 559-728-0209 )
)

Case No.

1 9 SW   0 0 0 0 8 BAM

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 846 841(a)(1) | Conspiracy to distribute and possess with the intent to distribute a controlled substance |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Peter R. Leahey, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/9/19

*Judge's signature*

City and state:  Fresno, California

Barbara A. McAuliffe, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT "A"

### ITEMS TO BE SEARCHED

1. SUBJECT TELEPHONE #1, a cellular phone, identified and tracked under Drug Enforcement Administration (DEA) case number R9-19-0001; Exhibit N-5, a black Apple iPhone 8 with a black case labeled "Otterbox", assigned telephone number 559-579-5739, seized from Jose VILLAGRANA during a traffic stop on December 18, 2018.

2. SUBJECT TELEPHONE #2: a cellular phone, identified and tracked under Drug Enforcement Administration (DEA) case number R9-19-0001; Exhibit N-6, a black Apple iPhone X with a black case labeled "Otterbox", assigned telephone number 559-728-0209, seized from Jose VILLAGRANA during a traffic stop on December 18, 2018.

**ATTACHMENT "B"**

SEIZURE OF THE FOLLOWING ITEMS/INFORMATION CONTAINED ON THE DEVICES
SET FORTH IN ATTACHMENT "A:

As set forth in the Affidavit, SUBJECT PHONE #1 was used by Jose VILLAGRANA to
negotiate the sale of 5 pounds of methamphetamine to a Confidential Source.  SUBJECT
PHONE #2 is also a number utilized by Jose VILLAGRANA per the Confidential Source.  Both
SUBJECT PHONE #1 and SUBJECT PHONE #2 were in VILLAGRANA's possession at the
time of his arrest while VILLAGRANA was in possession of approximately 5 pounds of
methamphetamine.  The SUBJECT PHONES are believed to contain evidence of drug trafficking
– a violation of 21 U.S.C. 846 and 841(a)(1).

The items to be seized shall be limited to October 18, 2018 to the present.

1.  All records or ownership found in any application, electronic storage bank or function of
    each device listed in Attachment "A".

2.  All contents of text found in any application, electronic storage bank or function of each
    device listed in Attachment "A".

3.  All records of phone calls either made, received or missed, found in any application,
    electronic storage bank or function of each device listed in Attachment "A".

4.  All contacts, associates, digital address books or known persons found in any application,
    electronic storage bank or function of each device listed in Attachment "A".

5.  Digital media such as photos, videos or audio files found in any application, electronic
    storage bank or function of each device listed in Attachment "A"

6.  All financial data including banking sites, applications, electronic statements, account
    listings and usage found in any application, electronic storage bank or function of each
    device listed in Attachment "A".

7.  All security, anti-tamper, anti-theft or anti-hacking information found in any application,
    electronic storage bank or function of each device listed in Attachment "A".

8.  All location data such as maps, waypoints, coordinates, intersections or navigational
    points found in any application, electronic storage bank or function of each device listed
    in Attachment "A".

9.  Records of internet activity, including but not limited to firewall logs, caches, internet
    browser history and cookies, "bookmarked" or "favorite" web pages, search terms that

1

the user entered into any internet search engine, records of user-typed web addresses, and, any applicable downloads found in any application, electronic storage bank or function of each device listed in Attachment "A".

10. All documents, files, text, media or images, not specifically referred to in items one through eight of this attachment that refer to or reflect information relating to narcotics trafficking, financial information, ownership, trade or travel found in any application, electronic storage bank or function of each device listed in Attachment "A".

2

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR**

**A WARRANT TO SEARCH AND SEIZE**

I, Peter R. Leahey, Special Agent with Drug Enforcement Administration, being duly sworn, do depose and state:

## I.   INTRODUCTION AND AGENT BACKGROUND INFORMATION

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – electronic devices – which are currently in law enforcement possession, and the extraction from that property of electronically stored information further described in Attachment B.

2.      I have been employed as a Special Agent (SA) with the Drug Enforcement Administration (DEA) since May 2018.  I am currently assigned to the Fresno District Office. Prior to working for the DEA, I was employed by the Federal Air Marshal Service for seven years.

3.      My duties as a Special Agent include the development and evaluation of information in order to detect the cultivation, smuggling, and trafficking of controlled substances in violation of federal law.  I have participated in numerous investigations regarding the unlawful importation, possession, and distribution of controlled substances, as well as related money laundering statutes involving the proceeds of specified unlawful activities and conspiracies associated with criminal narcotics, in violation Title 21, United States Code.  During the course of my duties as a Special Agent I have led or otherwise participated in a wide spectrum of enforcement operations and investigative methods to include search and arrest warrants, undercover operations, physical and electronic surveillances, and wire intercepts.  Additionally, I have debriefed numerous defendants, informants, and witnesses who have had personal knowledge regarding major narcotics trafficking organizations.  I have attended the Drug Enforcement Administration's eighteen-week training academy and received in excess of six

1

hundred (600) hours of formal classroom and practical instruction including but not limited to,
drug interdiction, drug detection and identification, money laundering techniques, and
investigation of individuals involved in the smuggling, cultivation, manufacturing, and
trafficking of controlled substances.

4.      Based upon my training and experience I have become familiar with the manner
and techniques in which controlled substance violators cultivate, smuggle, package, transport,
store and distribute narcotics, as well as how they collect, launder, and conceal their illicit
proceeds.  I am familiar with the tactics and measures controlled substance violators employ to
avoid detection by law enforcement and thwart law enforcements' investigations.  I have
participated in numerous search warrants at large-scale indoor and outdoor marijuana grow
operations.  I have been the affiant of previous federal search warrants and have testified in court
in the area of narcotics.

5.      Based upon my training, experience, interviews, and participation in other drug
related investigations involving controlled substances, I know the follows:

    a)      Electronic media, to include cellular telephones, computers and external
    hard drives are often used by narcotics traffickers in the commission of narcotics related
    crimes.

    b)      Narcotics traffickers often use cellular telephones to communicate with
    co-conspirators to coordinate the shipment of narcotics and to arrange pick up and drop
    off locations. I know that the date, time, duration, and number dialed of telephone calls
    between co-conspirators can be obtained through cellular telephone records.

    c)      Narcotics traffickers often use computers and external electronic storage
    media such as external hard drives, thumb drives, compact discs and various other types
    of electronic storage methods.

    d)      These various forms of electronic media are used to orchestrate drug
    transactions between conspirators, communicate with other narcotics traffickers and

2

sources of supply, maintain drug proceeds ledgers, drug shipment and storage information, photographs of narcotics and proceeds from narcotics sales as well as other financial information such as records of banking transactions, account balances and funds transfers

6.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts stated in this affidavit are based upon my personal knowledge and law enforcement reports, which I have received, and upon my conversations with others that have personal knowledge pertaining to this case.

## II.      IDENTIFICATION OF DEVICES TO BE EXAMINED

7.      The property to be searched hereinafter referred to as:

a)      SUBJECT TELEPHONE #1, a cellular phone identified and tracked under Drug Enforcement Administration (DEA) case number R9-19-0001; Exhibit N-5, a black Apple iPhone 8 with a black case labeled "Otterbox", assigned telephone number **559-579-5739,** seized from Jose VILLAGRANA during a traffic stop on December 18, 2018.

b)      SUBJECT TELEPHONE #2: a cellular phone identified and tracked under Drug Enforcement Administration (DEA) case number R9-19-0001; Exhibit N-6, a black Apple iPhone X with a black case labeled "Otterbox", assigned telephone number **559-728-0209,** seized from Jose VILLAGRANA during a traffic stop on December 18, 2018.

8.      The SUBJECT TELEPHONES in Attachment A were seized pursuant to a probable case arrest and subsequent federal arrest warrant under case 1:18-mj-00210-SKO .

9.      Application for a warrant is made to authorize forensic examination of the SUBJECT TELEPHONES described in Attachment A for purposes of identifying electronically stored data as described in Attachment B.

3

### III.    **PROBABLE CAUSE**

7.      During the month of December a reliable defendant Confidential Source[1] (CS),

negotiated the purchase of methamphetamine for $1900 a pound from Jose VILLAGRANA

utilizing telephone number **559-579-5739** (Subject Telephone #1) and Snap Chat moniker "DA

Godfather". On December 18, 2018, the CS messaged VILLAGRANA via Snap Chat and

established that VILLAGRANA would deliver 5 pounds of methamphetamine to the CS's

residence.

8.      At approximately 4:30 PM, Surveillance observed a Black Ford F-250 King

Ranch model park in front of 2123 Norris Dr E, Fresno, CA.  A Hispanic male matching the

description of Jose VILLAGRANA wearing white shorts entered the Ford F-250 and it departed

north from the residence.  Surveillance members relayed the Ford F-250's location to Fresno

County Sheriff's Office (FCSO) Detectives Patricia Varela and Isidro Ruelas.

9.      At approximately 4:45 PM, while operating together in a marked patrol vehicle on

north bound Highway 41 in the area of Fresno, CA, Detectives Patricia Varela and Isidro Ruelas'

attention was drawn to a black Ford F-250 King Ranch model with paper temporary plates.

Detective Varela observed that the Ford F-250 had overly tinted windows, it did not have proper

mud flaps, and the vehicle had temporary paper plates.  Based on this observation, Detectives

Varela and Ruelas maneuvered behind the Ford F-250 and activated their emergency lights to

stop the vehicle for violating various California Vehicle Code sections.  The Ford F-250 yielded

---

[1] The Defendant CS is cooperating in the investigation for consideration at his/her sentencing.
The CS's criminal history includes possession of a controlled substance for sale, felon in
possession of a firearm, receiving stolen property, robbery, taking a vehicle without consent,
transporting a controlled substance, and manufacturing a controlled substance.   These arrests
have resulted in multiple felony convictions for possession of a controlled substance for sale.
The CS has provided reliable information about multiple individuals that have been linked to
other investigations.

and pulled to the right west bound lane of Ashlan Ave, near the exit ramp from Highway 41.

10.    During the traffic stop, it was determined that the driver of the vehicle, Jose

FIGUEROA was operating the Ford F-250 under a suspended license.  The front passenger, Jose

VILLAGRANA, informed the Detectives that the Ford F-250 was his and gave consent to search

the vehicle.  The third passenger, Matthew Vargas, was told to exit the vehicle.  Detective Varela

utilizing Narcotics K9 Kash conducted a sniff of the vehicle to which Kash alerted to the center

console and rear passenger seat.  A more thorough search was conducted to reveal approximately

5 pounds of suspected methamphetamine and a small quantity of suspected marijuana.

VILLAGRANA's phone, SUBJECT TELEPHONE #1 **559-579-5739,** that was utilized to

negotiate the purchase was retrieved from the vehicle. An additional phone SUBJECT

TELEPHONE #2 **559-728-0209**, was also retrieved from the vehicle. Per the CS, SUBJECT

TELEPHONE #2 **559-728-0209** is a phone number utilized by VILLAGRANA.   Agents made

a blocked phone call to positively verify that these were in fact VILLAGRANA's phones.

## IV.    ELECTRONIC STORAGE AND FORENSIC ANALYSIS

10.    Based on my knowledge, training, and experience, I know that electronic devices

can store information for long period of time.  Similarly, things that have been viewed via the

Internet are typically stored for some period of time on the device.  This information can

sometimes be recovered with forensics tools.

11.    Forensic Evidence.  As further described in Attachment B, this application seeks

permission to locate not only electronically stored information that might serve as direct

evidence of the crimes described on the warrant, but also forensic evidence that establishes how

the device was used, the purpose of its use, who used it, and when.  There is probable cause to

believe that this forensic electronic evidence might be on the device(s) because:

        a)    Data on the storage medium can provide evidence of a file that was once

        on the storage medium but has since been deleted or edited, or of a deleted portion of a

file (such as a paragraph that has been deleted from a word processing file).  Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently alive.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use.  Computer file systems can record information about the dates files were created and the sequence in which they were created.

b)      Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c)      A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d)      The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e)      Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

6

12.     Nature of Examination.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

13.     Manner of Execution.  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is a reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## V.     CONCLUSION

14.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **SUBJECT TELEPHONES** described in Attachment A to seek the items described in Attachment B.

///

///

///

///

///

///

///

///

///

///

///

15.     I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct to the best of my knowledge and belief.

Peter R. Leahey
Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

this___9___day of January, 2019.

Hon. Barbara A. McAuliffe
United States Magistrate Judge

Reviewed and approved as to form and content

this 7th day of January, 2019.

/s/ Laurel J. Montoya
Laurel J. Montoya
Assistant U.S. Attorney

8

ISSUED SEALED

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| | ) | |
| | ) | Case No. |
| A black Apple iPhone X with a black case labeled "Otterbox", assigned telephone number 559-728-0209 | ) | |
| | ) | T: 19-SW 0 0 0 0 8 BAM |
| | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the          Eastern          District of          California
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A, attached hereto and incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B, attached hereto and incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____ 1/23/19 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.      ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____

Date and time issued:    1/9/19 ~9:00 a___          _____
                                                              *Judge's Signature*

City and state:      Fresno, California          Barbara A. McAuliffe, U.S. Magistrate Judge
                                                              *Printed name and title*

## ATTACHMENT "A"

### ITEMS TO BE SEARCHED

1. SUBJECT TELEPHONE #1, a cellular phone, identified and tracked under Drug Enforcement Administration (DEA) case number R9-19-0001; Exhibit N-5, a black Apple iPhone 8 with a black case labeled "Otterbox", assigned telephone number 559-579-5739, seized from Jose VILLAGRANA during a traffic stop on December 18, 2018.

2. SUBJECT TELEPHONE #2: a cellular phone, identified and tracked under Drug Enforcement Administration (DEA) case number R9-19-0001; Exhibit N-6, a black Apple iPhone X with a black case labeled "Otterbox", assigned telephone number 559-728-0209, seized from Jose VILLAGRANA during a traffic stop on December 18, 2018.

## ATTACHMENT "B"

SEIZURE OF THE FOLLOWING ITEMS/INFORMATION CONTAINED ON THE DEVICES SET FORTH IN ATTACHMENT "A:

As set forth in the Affidavit, SUBJECT PHONE #1 was used by Jose VILLAGRANA to negotiate the sale of 5 pounds of methamphetamine to a Confidential Source.  SUBJECT PHONE #2 is also a number utilized by Jose VILLAGRANA per the Confidential Source.  Both SUBJECT PHONE #1 and SUBJECT PHONE #2 were in VILLAGRANA's possession at the time of his arrest while VILLAGRANA was in possession of approximately 5 pounds of methamphetamine.  The SUBJECT PHONES are believed to contain evidence of drug trafficking – a violation of 21 U.S.C. 846 and 841(a)(1).

The items to be seized shall be limited to October 18, 2018 to the present.

1. All records or ownership found in any application, electronic storage bank or function of each device listed in Attachment "A".

2. All contents of text found in any application, electronic storage bank or function of each device listed in Attachment "A".

3. All records of phone calls either made, received or missed, found in any application, electronic storage bank or function of each device listed in Attachment "A".

4. All contacts, associates, digital address books or known persons found in any application, electronic storage bank or function of each device listed in Attachment "A".

5. Digital media such as photos, videos or audio files found in any application, electronic storage bank or function of each device listed in Attachment "A"

6. All financial data including banking sites, applications, electronic statements, account listings and usage found in any application, electronic storage bank or function of each device listed in Attachment "A".

7. All security, anti-tamper, anti-theft or anti-hacking information found in any application, electronic storage bank or function of each device listed in Attachment "A".

8. All location data such as maps, waypoints, coordinates, intersections or navigational points found in any application, electronic storage bank or function of each device listed in Attachment "A".

9. Records of internet activity, including but not limited to firewall logs, caches, internet browser history and cookies, "bookmarked" or "favorite" web pages, search terms that

1

the user entered into any internet search engine, records of user-typed web addresses, and, any applicable downloads found in any application, electronic storage bank or function of each device listed in Attachment "A".

10. All documents, files, text, media or images, not specifically referred to in items one through eight of this attachment that refer to or reflect information relating to narcotics trafficking, financial information, ownership, trade or travel found in any application, electronic storage bank or function of each device listed in Attachment "A".

SEALED

(1/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| | ) | |
| A black Apple iPhone 8 with a black "Otterbox case", assigned telephone number 559-579-5739 | ) ) ) | Case No. |
| | ) | 1: 1 9 SW   0 0 0 0 8 BAM |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____ 1/23/19 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____

Date and time issued:     1/9/19   9:01                          _____
                                                                                    *Judge's Signature*

City and state:     Fresno, California                          Barbara A. McAuliffe, U.S. Magistrate Judge
                                                                                    *Printed name and title*

## ATTACHMENT "A"

ITEMS TO BE SEARCHED

1. SUBJECT TELEPHONE #1, a cellular phone, identified and tracked under Drug Enforcement Administration (DEA) case number R9-19-0001; Exhibit N-5, a black Apple iPhone 8 with a black case labeled "Otterbox", assigned telephone number 559-579-5739, seized from Jose VILLAGRANA during a traffic stop on December 18, 2018.

2. SUBJECT TELEPHONE #2: a cellular phone, identified and tracked under Drug Enforcement Administration (DEA) case number R9-19-0001; Exhibit N-6, a black Apple iPhone X with a black case labeled "Otterbox", assigned telephone number 559-728-0209, seized from Jose VILLAGRANA during a traffic stop on December 18, 2018.

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____        _____
Signature of Judge                                              Date

**ATTACHMENT "B"**

SEIZURE OF THE FOLLOWING ITEMS/INFORMATION CONTAINED ON THE DEVICES
SET FORTH IN ATTACHMENT "A:

As set forth in the Affidavit, SUBJECT PHONE #1 was used by Jose VILLAGRANA to
negotiate the sale of 5 pounds of methamphetamine to a Confidential Source. SUBJECT
PHONE #2 is also a number utilized by Jose VILLAGRANA per the Confidential Source. Both
SUBJECT PHONE #1 and SUBJECT PHONE #2 were in VILLAGRANA's possession at the
time of his arrest while VILLAGRANA was in possession of approximately 5 pounds of
methamphetamine. The SUBJECT PHONES are believed to contain evidence of drug trafficking
– a violation of 21 U.S.C. 846 and 841(a)(1).

The items to be seized shall be limited to October 18, 2018 to the present.

1. All records or ownership found in any application, electronic storage bank or function of
   each device listed in Attachment "A".

2. All contents of text found in any application, electronic storage bank or function of each
   device listed in Attachment "A".

3. All records of phone calls either made, received or missed, found in any application,
   electronic storage bank or function of each device listed in Attachment "A".

4. All contacts, associates, digital address books or known persons found in any application,
   electronic storage bank or function of each device listed in Attachment "A".

5. Digital media such as photos, videos or audio files found in any application, electronic
   storage bank or function of each device listed in Attachment "A"

6. All financial data including banking sites, applications, electronic statements, account
   listings and usage found in any application, electronic storage bank or function of each
   device listed in Attachment "A".

7. All security, anti-tamper, anti-theft or anti-hacking information found in any application,
   electronic storage bank or function of each device listed in Attachment "A".

8. All location data such as maps, waypoints, coordinates, intersections or navigational
   points found in any application, electronic storage bank or function of each device listed
   in Attachment "A".

9. Records of internet activity, including but not limited to firewall logs, caches, internet
   browser history and cookies, "bookmarked" or "favorite" web pages, search terms that

1

the user entered into any internet search engine, records of user-typed web addresses, and, any applicable downloads found in any application, electronic storage bank or function of each device listed in Attachment "A".

10. All documents, files, text, media or images, not specifically referred to in items one through eight of this attachment that refer to or reflect information relating to narcotics trafficking, financial information, ownership, trade or travel found in any application, electronic storage bank or function of each device listed in Attachment "A".

2